UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EVANGELINE ALLEN                )
                                )
        Plaintiff,              )        Civil Action No. 3:24-CV-512-CHB
                                )
v.                              )
                                )        **MEMORANDUM OPINION**
JUDGE A. CHRISTINE WARD, *et al.* )
                                )
                                )
        Defendants.             )

*** *** *** ***

This matter is before the Court on initial review of Plaintiff Evangeline Allen's pro se, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this 42 U.S.C. § 1983 civil-rights action arising out of a state-court juvenile dependency, neglect, and abuse case ("the family-court proceeding"). [R. 1, p. 4]; [R. 7, p. 1]. Plaintiff names as Defendants: Judge A. Christine Ward, the Jefferson Family Court, and attorney Pashens Fitzpatrick, *guardian ad litem* for Plaintiff's child with special needs. [R. 1, pp. 2–3, 6]. Plaintiff alleges that Defendants Judge Ward and Fitzpatrick worked together to violate the rights of Plaintiff and her child by ignoring evidence that her child is allegedly being abused, stating that Plaintiff is not credible, allowing Plaintiff's ex-husband to file fraudulent motions in the family-court proceeding, denying Plaintiff's motions, refusing to cease unsupervised visitation from Plaintiff's ex-husband, accusing Plaintiff of filing fraudulent Child Protective Services reports, forcing Plaintiff to coparent with her ex-husband, and removing Plaintiff's rights to decide what school her child should attend. [R. 1-1, pp. 1–2]. As relief,

Plaintiff seeks the removal of Judge Ward and Fitzpatrick from the family-court proceeding. [R. 1, p. 7].

## II.

On September 27, 28, and 29, and October 1, 2024, Plaintiff filed additional exhibits related to her Complaint.  [R. 9]; [R. 10]; [R. 11]; [R. 12]; [R;13].  The Court has considered these exhibits in conducting the initial review of this case.

Significantly, these exhibits contain the full name and photographs of an individual who is identified as a minor and the date of birth of that minor.  Pursuant to Fed. R. Civ. P. 5.2(a), filing parties shall omit or partially redact personal data identifiers, including the names of minors, social security numbers, and dates of birth, from all pleadings, documents, and exhibits. For example, dates of birth must be redacted so that only the individual's year of birth is shown and a minor's name must be redacted to include only the minor's initials.  *See* Fed. R. Civ. P. 5.2(a)(2), (3).  The Clerk of Court has restricted those documents in the present case.

## III.

Because Plaintiff is proceeding *in forma pauperis*, [R. 6], the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610

F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## IV.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that her constitutional rights were violated in connection with the family-court proceeding.  [R. 1, p. 7].  Plaintiff asserts that Defendants violated her and her special-needs child's rights "to be protected under the law and Due Process."  [R. 1-1, p. 1].  The Complaint is not clear as to whether the case is ongoing or completed, and the Kentucky Court Records Search does not recognize the case number provided by Plaintiff.[1]

Plaintiff seeks to have this Court remove Defendants Judge Ward and attorney Fitzpatrick from the family-court proceeding in Jefferson Family Court.  To the extent that Plaintiff seeks this Court's involvement in an ongoing state family-court proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."  *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)).  "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."  *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Fam. Prepaid Legal Corp. v.*

---

[1] Plaintiff requested records for "23-J-503669-001."  [R. 7, p. 1].  A search of Kentucky court records reveals no such case.  *See* CourtNet 2.0, https://kcoj.kycourts.net/CourtNet/Search/Index ("Search by Case" feature revealed no results when searching for 23-J-503669-001).  A search using Plaintiff's name yielded two active cases, but neither involve the number she gave.  *See id.* ("Search by Party/Business" yielded two active case results when searching for "Evangeline Allen").

-4-

*Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)).  All three factors supporting abstention

are present in this case.  The matters presented in the Complaint involve an ongoing child

dependency, neglect, and abuse proceeding and implicate important state interests in determining

the welfare of a child.  *See Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982) (finding the realm of

domestic relations is an important state interest); *Izazaga v. Fleming*, No. 5:14-CV-00213, 2015

WL 1284158, at *3 (W.D. Ky. Mar. 18, 2015) (applying *Younger* abstention to a complaint

involving allegations against a family-court judge presiding over a Kentucky family court case

because "[Plaintiff] may appeal a family court order or judgment including any issued by

[Defendant] to the Kentucky Court of Appeals as a matter of right.").  Additionally, there is no

indication that constitutional claims could not be raised in that context.  *See Izazaga*, 2015 WL

1284158, at *3 (finding Plaintiff "ha[d] an adequate opportunity in the state proceeding to raise

any constitutional challenges, as nothing bar[red] him from doing so before [Defendant]").

Therefore, the Court concludes that the *Younger* abstention doctrine prevents the Court from

providing Plaintiff the relief she seeks.

To the extent that Plaintiff is challenging state-court proceedings that are no longer

pending, [R. 1], under the *Rooker-Feldman* doctrine, "[f]ederal courts lack subject matter

jurisdiction over claims seeking review of cases litigated and decided in a state court; only the

United States Supreme Court has jurisdiction to consider state court judgments."  *Izazaga*, 2015

WL 1284158, at *2 (first citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), then citing

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).  "A party raising a federal question must appeal a

state court decision through the state system and then directly to the Supreme Court of the United

States."  *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  The "doctrine prevents a

federal court from exercising jurisdiction over a claim alleging error in a state court decision."

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).  Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court. *Izazaga*, 2015 WL 1284158, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

**V.**

The Court will enter a separate Order dismissing the action for the reasons stated herein.

This the 10th day of October 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, pro se
        Defendants
A958.014